### BLOOM v. REISMAN et al.

(Supreme Court, Appellate Term. May 27, 1912.)

1. APPEAL AND ERROR (§ 927*)—PRESUMPTIONS—DISMISSAL.
   Plaintiff, on appeal from a dismissal of his complaint, is entitled to all favorable inferences from the evidence.
   [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2912, 2917, 3748, 4024; Dec. Dig. § 927.*]

2. SALES (§ 181*)—ACCEPTANCE—SUFFICIENCY OF EVIDENCE.
   Evidence in an action for the price of goods sold and delivered held sufficient to show an acceptance by defendant.
   [Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 473–491; Dec. Dig. § 181.*]

3. SALES (§ 271*)—WARRANTY—IMPLIED WARRANTY OF QUALITY—SALE BY SAMPLE.
   A sale of corduroy by sample constituted a warranty that it would be equal in quality to the sample.
   [Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 769–771; Dec. Dig. § 271.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

4. SALES (§ 428*)—ACTION FOR PRICE—COUNTERCLAIM FOR BREACH OF WARRANTY.

In an action for the price of goods sold, the seller's breach of warranty is the subject of a counterclaim, and not a defense to the action.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 1214–1223; Dec. Dig. § 428.*]

Appeal from City Court of New York, Trial Term.

Action by Nathan Bloom against Daniel Reisman and others. From a judgment of the City Court of the City of New York dismissing the complaint, plaintiff appeals. Reversed, and new trial ordered.

Argued May Term, 1912, before SEABURY, LEHMAN, and PAGE, JJ.

Cohen & Shiverts, of New York City, for appellant.
Nathan Friedman, of New York City, for respondents.

SEABURY, J. This action was brought to recover the agreed price for goods sold and delivered. Plaintiff proved the sale of 26 pieces of corduroy at 37½ cents per yard. The defendants admitted that the plaintiff delivered 26 pieces of corduroy, as follows: Twelve pieces on October 30, 1911; eight pieces on October 31, 1911; two pieces on November 1, 1911; and four pieces on November 2, 1911. Plaintiff's salesman called upon the defendants on or about November 5th and 10th to solicit another order, and no complaint was made about any part of the delivered goods being defective. The plaintiff's salesman called on the defendants again on or about November 20, 1911, and the defendants then complained for the first time, stating that there were "slight imperfections" in the goods delivered on October 30th, 31st, November 1st and November 2d. The testimony of the plaintiff's salesman discloses that the goods were sold by sample. At the close of the plaintiff's case, the learned court below dismissed the complaint, upon the ground that the burden was upon the plaintiff to establish that the goods delivered were equal in quality to the sample displayed at the time of the sale, and that the plaintiff had failed to prove this fact. Assuming that the plaintiff failed to prove that the goods delivered were equal in quality to the sample displayed at the time of the sale, it does not follow that the plaintiff cannot recover for the goods actually sold and delivered to the defendants.

[1, 2] Indulging the inference to which the plaintiff is entitled upon a dismissal of the complaint at the close of his case, we think the evidence was sufficient to establish that the goods delivered were accepted by the defendants.

[3] The sale by sample constituted a warranty that the goods would be equal in quality to the quality of the sample.

[4] The warranty survived the acceptance of the goods, and, if there was a breach of the warranty, this fact gave the defendants a cause of action against the plaintiff. It was, therefore, the subject of a counterclaim, and not a defense to this action for goods sold and delivered. The plaintiff's cause of action was complete when he proved the sale, delivery, and acceptance of the goods. The evidence did not establish that the goods were inferior to the sample. The

court could not properly dismiss the complaint, because some evidence was given as a part of the plaintiff's case, which tended to sustain the theory of the counterclaim. Certainly the defendants' counterclaim was not proved. No defense having been proved, the dismissal of the complaint was erroneous.

The judgment is reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.